# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEISER RESEARCH & DEVELOPMENT, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TEKNOR APEX COMPANY,<br><br>    Defendant. | Case No. 17-cv-1290-BAS-MSB<br><br>**ORDER DENYING *EX PARTE* MOTION TO STAY PRODUCTION**<br><br>**[ECF No. 55]** |

    Defendant Teknor Apex Company ("Teknor") moves *ex parte* to stay a March 20, 2019 discovery production deadline ordered by Magistrate Judge Michael Berg pending this Court's resolution of Teknor's objection to a portion of Judge Berg's underlying discovery order. (ECF No. 55.) Teknor has also filed an objection to Judge Berg's discovery order as a noticed motion, with a selected hearing date of April 29, 2019. (ECF No. 56.) Teknor indicates that Plaintiff Yeiser Research & Development, LLC ("YRD") will oppose Teknor's discovery motion and YRD's opposition will stand as its response to Teknor's *ex parte* request. For the reasons herein, the Court denies Teknor's *ex parte* motion to stay production pending the Court's resolution of Teknor's discovery motion.

## RELEVANT BACKGROUND

    Teknor's *ex parte* request arises from Teknor's failure to produce documents

– 1 –

in response to several of YRD's document production requests. These document requests bear in part on YRD's trade secrets claims under the Delaware Uniform Trade Secrets Act ("DUTSA"), 6 Del. C. § 2001 *et seq.*, and the federal Defend Trade Secrets Act, 18 U.S.C. § 1831 *et seq*, but many requests are not facially limited to YRD's trade secrets claims. (*See* ECF No. 42 at 19–52 (outlining YRD's various production requests).) The Court previously determined that YRD has plausibly stated trade secrets claims by identifying trade secrets Teknor allegedly stole. (ECF No. 23.) Teknor now argues that YRD has failed to identify YRD's trade secrets with reasonable specificity in response to an interrogatory Teknor propounded. (ECF No. 55 ¶¶ 36.) Teknor objects to having to produce documents in response to YRD's various discovery requests until YRD supplements its trade secrets interrogatory response. (ECF No. 55 ¶¶ 7, 12.) In a March 7, 2019 order, Judge Berg disagreed with Teknor's contention about YRD's interrogatory response and ordered Teknor to produce documents to several of YRD's discovery requests by March 20, 2019 "as previously negotiated by the parties." (ECF No. 50 at 2; ECF No. 55 ¶¶ 9–10.) Teknor filed its *ex parte* request to stay production on the eve of its production deadline. (ECF No. 55.)

## LEGAL STANDARD

"*Ex parte* applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief." *Clark v. Time Warner Cable*, No. 07-1797-VBF(RCx), 2007 WL 1334965, *1 (C.D. Cal. May 3, 2007). To justify *ex parte* relief, the moving party must establish (1) that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures, and (2) that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). "An *ex parte* application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances." *Santos v. TWC*

*Administration LLC*, No. CV 13-04799 MMM (CWx), 2014 WL 12703021, *1 (C.D. Cal. 2014).

## DISCUSSION

Teknor's "filing of a motion for review of the Magistrate Judge's order is not sufficient to suspend defendant's obligation to comply with the Magistrate Judge's order." *Ahmed v. HSBC Bank United States*, No. ED CV 15-2057 FMO (SPx), 2018 WL 504672, at *5 (C.D. Cal. Jan. 12, 2018). A magistrate judge's decisions "should not be considered ineffective, advisory, or nonfinal simply because they may be reviewed by the district court." *Kimbrell v. ADIA, S.A.*, 834 F. Supp. 1313, 1317 (D. Kan. 1993). "Decisions by a magistrate judge on nondispositive motions are intended to be effective unless overturned by the district judge, just as decisions of a district judge are intended to be effective unless overturned by a circuit court." *Id*. Even if, as Teknor argues, Judge Berg's conclusion that YRD has identified its alleged trade secrets with reasonable specificity is shown to be clearly erroneous, "[e]ven incorrect orders from courts ordinarily must be obeyed until set aside[.]" *Maness v. Meyers*, 419 U.S. 449, 457–58 (1975). Thus, the Court cannot find that *ex parte* relief from the production deadline is warranted simply because Teknor seeks review of Judge Berg's order.

Teknor's *ex parte* motion claims prejudice because "without YRD's reasonably specific statement as to the bounds of the alleged trade secrets it asserts in this action," Teknor "risks YRD molding its trade secret claims to Teknor's confidential, proprietary, and/or trade secret information" and Teknor "is unable to adequately formulate a well-reasoned defense because it is presently unclear what the alleged trade secrets actually are." (ECF No. 55 ¶ 12.) Teknor further argues that a failure to grant *ex parte* relief now will moot Teknor's discovery motion objecting to Judge Berg's order. (ECF No. 55 ¶ 13.) These arguments underscore for the Court that a denial of *ex parte* relief now will not irreparably harm Teknor, nor moot Teknor's

– 3 –

discovery motion.

This Court has broad authority to fashion appropriate relief in the event that Teknor prevails before this Court in showing that Judge Berg clearly erred in finding that YRD has adequately identified its trade secrets. For example, the Court can order YRD to destroy or return all discovery YRD received from Teknor as a result of compliance with Judge Berg's order. *See Church of Scientology of California v. United States*, 506 U.S. 9, 12–13 (1992) ("[A] court does have power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies it may have in its possession, [which] is sufficient to prevent this case from being moot."). The Court can also prohibit YRD from relying on any information contained in the documents Teknor produces in response to Judge Berg's order. *See Doe v. S.E.C.*, No. MC 11-80209 CRB, 2012 WL 78586, *5 (N.D. Jan. 10, Cal. 2012) ("If the Ninth Circuit finds the subpoena improper and reverses this Court's order denying the motion to quash, this Court will require the SEC to disavow reliance on any information gained from the subpoena."). Thus, a denial of Teknor's request to stay compliance with Judge Berg's order will not cause irreparable harm. *See United States v. Anderson*, No. 14-cv-01932-JST, 2015 WL 294831, *2 (N.D. Cal. Jan. 21, 2015) ("District Courts have routinely found that no irreparable injury would result from the denial of a stay pending appeal of an order enforcing compliance with an IRS summons.").

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Teknor's *ex parte* motion. (ECF No. 55.) Teknor shall comply with Judge Berg's order **no later than March 21, 2019**.

**IT IS SO ORDERED.**

**DATED: March 20, 2019**

Hon. Cynthia Bashant
United States District Judge

– 4 –