1
2
3
4
5
6
7

8           **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  YEISER RESEARCH &                     Case No. 17-cv-1290-BAS-MSB
    DEVELOPMENT, LLC,

12                                        **ORDER DENYING**
                            Plaintiff,    **DEFENDANT'S MOTION FOR**
                                          **REVIEW AND PARTIAL**
13        v.                              **REVERSAL OF DISCOVERY**
                                          **ORDER**
14  TEKNOR APEX COMPANY,

15                          Defendant.    **[ECF No. 56]**

16

17        This case concerns Plaintiff Yeiser Research & Development LLC ("YRD")

18  allegations that Defendant Teknor Apex Company ("Teknor") stole trade secrets and

19  confidential information from YRD to develop Teknor's Zero G Hose.  In the

20  operative First Amended Complaint ("FAC"), YRD raises trade secrets claims

21  pursuant to the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831 *et*

22  *seq.*, and the Delaware Uniform Trade Secrets Act ("DUTSA"), 6 Del. C. § 2001 *et*

23  *seq*., and YRD also raises state law claims for breach of contract, unjust enrichment,

24  and intentional interference with prospective economic advantage.  (ECF No. 26.)

25

26        Teknor moves for review and "partial reversal" of Magistrate Judge Berg's

27  March 7, 2019 discovery order (the "Discovery Order") that concerns a discovery

28  dispute regarding the trade secrets aspect of this case.  (ECF No. 56.)  Specifically,

                               – 1 –                          17cv1290

Teknor contends that, contrary to Judge Berg's determination, YRD has failed to identify its alleged trade secrets with "reasonable particularity" and, consequently, Teknor argues that it should not have to provide certain discovery until YRD does so. YRD opposes Teknor's motion. (ECF No. 58.) For the reasons herein, the Court denies Teknor's motion and affirms the Discovery Order.

**RELEVANT BACKGROUND**

In the time since YRD filed this case in June 2017 (ECF No. 1), the Court has resolved two motions to dismiss filed by Teknor. (ECF No. 23 (order granting in part and denying in part Teknor's first motion to dismiss); ECF No. 31 (order granting in part and denying in part Teknor's second motion to dismiss).) In its first order, the Court extensively analyzed Teknor's motion to dismiss the entire action, including YRD's state law DUTSA trade secrets claims. *See Yeiser Res. & Dev. LLC v. Teknor Apex Co.*, 281 F. Supp. 3d 1021 (S.D. Cal. 2017). The Court acknowledged that a trade secrets plaintiff must sufficiently identify its alleged trade secrets in order to proceed to discovery. *Id.* at 1044. With this principle in mind, the Court determined that YRD stated DUTSA claims against Teknor for trade secret misappropriation by, in relevant part, plausibly alleging various trade secrets of YRD—compact hose concepts and designs—that Teknor allegedly stole and used to develop Teknor's Zero G Hose. *Id.* at 1044–45. The Court dismissed without prejudice YRD's trade secrets claims to the extent they were premised on business strategy and marketing and sales data. *Id.* at 1046–47.

Thereafter, YRD filed the FAC, in which YRD added federal DTSA claims premised on the same allegedly misappropriated trade secrets the Court previously sustained. (FAC ¶¶ 74–84.) YRD also amended its trade secrets claims to allege misappropriation of a business and marketing strategy related to YRD's compact hose concepts and designs. In its second dismissal order on Teknor's partial motion

to dismiss the FAC, the Court determined that YRD plausibly stated trade secrets claims for these amended allegations under both DTSA and DUTSA. (ECF No. 31 at 9–10.)

In the course of discovery, YRD served requests for production on Teknor. (ECF No. 42 at 19–51.) Teknor in turn served interrogatories on YRD, the first of which directed YRD to "[i]dentify and describe with specificity each Alleged Trade Secret that you are asserting in this Action." (ECF No. 42 at 4, 9.) YRD responded to Teknor's Interrogatory No. 1 with 10 pages of narrative that outlined various trade secrets YRD alleges. (*Id.* at 9–19.) YRD further discussed its alleged trade secrets in response to several other interrogatories Teknor served. (*Id.* at 52–92.) Teknor in turn produced documents in response to YRD's requests, but Teknor objected to YRD's response to Interrogatory No. 1 as not sufficiency specific and thus Teknor withheld from production a subset of documents that it unilaterally deemed to constitute its "confidential, propriety, and/or trade secret information and other information." (*Id*. at 3.) Thereafter, the parties sought judicial intervention.

In a joint discovery motion, Teknor expressly contended that YRD's response to Interrogatory No. 1 was "patently deficient" under Delaware law's requirement that YRD "identify its trade secrets at the discovery stage with reasonable particularity." (ECF No. 42-1 at 2–3.) Teknor argued that YRD had merely copied portions of the FAC into narrative format and, selectively quoting phrases that appeared in YRD's response, Teknor argued that YRD's response was "confusing" and "vague." (*Id.* at 2–4.) Teknor sought to compel a more specific response by YRD to Interrogatory No. 1 and requested entry of a protective order permitting Teknor to withhold the disputed documents until YRD supplemented its response. YRD disputed the applicability of Delaware's particularity requirement, expressly noting that this case involves a federal DTSA claim and argued that, in any event,

YRD, had met the particularity requirement under Delaware law. (ECF No. 43.)

On March 7, 2019, after a telephonic hearing, Magistrate Judge Berg issued the Discovery Order. (ECF No. 50.) Judge Berg denied Teknor's motion to compel a more specific response by YRD to Interrogatory No. 1 regarding YRD's alleged trade secrets. (*Id*.) Finding that Delaware law's reasonable particularity rule applied, Judge Berg determined that YRD's answer "is sufficiently specific." (*Id*. ¶ 2.) Judge Berg also denied Teknor's motion for a protective order that would preclude Teknor from producing "its confidential, proprietary, and/or trade secret information" until YRD provided a more specific response to Teknor's interrogatory. (*Id*.) Judge Berg ordered Teknor to produce its responsive documents no later than March 20, 2019. (*Id*. ¶ 3.)

On the eve of its production deadline, Teknor moved *ex parte* for a stay of the Discovery Order's production deadline pending resolution of a concurrently filed discovery motion Teknor filed to seek "partial reversal" of the Discovery Order. (ECF Nos. 55, 56). This Court denied Teknor's *ex parte* motion on the ground that Teknor failed to show that it would suffer irreparable injury from compliance with the Discovery Order. (ECF No. 57.) The Court now turns to the merits of Teknor's motion.

**LEGAL STANDARD**

A magistrate judge may issue a written order deciding any pretrial matter not dispositive of a party's claim or defense. Fed. R. Civ. P. 72(a). Discovery orders, like the one at issue here, are typically non-dispositive. *Maisonville v. F2 Am., Inc*., 902 F.2d 746, 748 (9th Cir. 1990). A party may appeal a magistrate judge's order on a pretrial nondispositive matter by filing objections with the district court judge within 14 days. *Id*. This Court requires such objections to be filed as a noticed

motion. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases. ¶ 3.

A district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Factual determinations are reviewed for clear error and legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200–1201 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir 1991). "Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 623(1993) (quotation omitted); *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (same). The contrary to law standard requires de novo review of legal conclusions. *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010); *Lovell v. United Airlines*, *Inc*., 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008) (quotation marks and citations omitted).

## DISCUSSION

Teknor agrees that Judge Berg "correctly held that the Delaware rule that a trade secret plaintiff must identify its trade secrets with reasonable specificity in fact discovery—before obtaining discovery from the defendant—applies to this action." (ECF No. 56-1 at 6.) Teknor, however, disputes Judge Berg's application of the Delaware rule. According to Teknor, Judge Berg "erroneously determined that YRD's identification in its response to Interrogatory No. 1 was sufficiently specific" and Judge Berg's determination "is contrary to law because it directly conflicts with how courts have conducted the analysis of similarly vague trade secret disclosures."

(*Id*. at 6–7.)  Teknor contends "alternatively" that Judge Berg's determination "is clearly erroneous because it fails to square the inadequacy of YRD's response with [the] unfair prejudice" to Teknor of having to produce the documents Teknor withheld.  (*Id.* at 7.)  The Court rejects Teknor's objections.

The heart of Teknor's objections lies in certain state law rules regarding discovery in trade secrets litigation.  For example, Teknor points to the Delaware common law rule that "[w]here . . . a plaintiff in a trade secret case seeks to discover the trade secrets and confidential proprietary information of its adversary, the plaintiff will normally be required first to identify with reasonable particularity the matter which it claims constitutes a trade secret, before it will be allowed (given a proper showing of need) to compel discovery of its adversary's trade secrets." *Engelhard Corp. v. Savin Corp.*, 505 A.2d 30, 33 (Del. Ch. Ct. 1986) (citations omitted).  This rule stems not from statutory requirement, but from a judicial balancing of a plaintiff's need for discovery in a trade secrets misappropriation case with concern for a defendant's own trade secrets information.  *Id*. (describing the rule as a "twist" to the "basic discovery principle" that "[w]here a party litigant seeks discovery that its adversary contends is not relevant, the party seeking discovery may, given a proper and timely objection, be required to establish that the proposed discovery is reasonably calculated to lead to the discovery of admissible evidence.").

Although this case does not involve trade secrets claims under California law, Teknor also points to a statutory requirement under the California Uniform Trade Secrets Act ("CUTSA").  Pursuant to this requirement, "[i]n any action alleging the misappropriation of a trade secrets under the [CUTSA], before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity. . ." Cal. Civ. P. Code § 2019.210.  Teknor underscores that the Delaware common law discovery rule and

the California statutory law are grounded in certain policy rationales, specifically to dissuade "meritless trade secrets claims," prevent "a plaintiff from retroactively conforming its trade secrets based on reviewing discovery from [a] defendant," and allow a trade secrets defendant to "form a well-reasoned defense." (ECF No. 56-1 at 7–8.)

Some federal courts sitting in diversity over actions involving state law trade secrets claims have applied the *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), doctrine—a doctrine pursuant to which a federal court sitting in diversity must apply state substantive law that does not conflict with federal law—to find that state law trade secrets "reasonable particularity" rules apply in federal court. *See Gabriel Technologies Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB(MDD), 2012 WL 849167, at *3–4 (S.D. Cal. Mar. 13, 2012) (applying Cal. Civ. P. Code § 2019.210 to a case involving CUTSA claims); *Loop Al Labs Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2015 WL 9269758 (N.D. Cal. Dec. 21, 2015) (same); *Computer Economics, Inc. v. Garter Grp., Inc.*, 50 F. Supp. 2d 980 (S.D. Cal. 1999) (same).

Other federal courts have refused to apply state law trade secrets discovery rules in federal court on the ground that these state law rules conflict with the Federal Rules of Civil Procedure. *See Hilderman v. Enea TekSci, Inc.*, No. 05cv1049 BTM(AJB), 2010 WL 143440, at *2–3 (S.D. Cal. Jan 8, 2010) (concluding that Cal. Civ. P. Code § 2019.210 conflicts with Rule 26 by requiring a plaintiff to take certain actions before discovery can commence that Rule 26 does not require); *Funcat Leisure Craft, Inc. v. Johson Outdoors, Inc.*, No. S-06-0533 GEB GGH, 2007 WL 273949, at *2 (E.D. Cal. Jan. 29, 2007) (holding that § 2019.210 does not apply to a federal action "[u]nless stipulated otherwise or ordered after stipulation pursuant to case management orders, it is not within the discretion of the court to willy nilly apply bits and pieces of the discovery civil procedure codes of the various states, even the

state in which the district court sits.").

This Court's first dismissal order applied Delaware substantive law to YRD's DUTSA claim along with federal pleading requirements. *Yeiser Res. & Dev. LLC*, 281 F. Supp. 3d at 1043–48. In applying the Delaware discovery rule to resolve the parties' discovery dispute, Judge Berg alluded to this Court's application of Delaware substantive law to YRD's state law trade secrets claims. (ECF No. 53 at 11:21–12:2.) Acknowledging the differing approaches taken by federal courts, Judge Berg determined that the Delaware rule did not conflict with Federal Rule of Civil Procedure 26 and applied the rule to assess YRD's response. (*Id.* at 12:3–13:8.)

YRD, however, amended its complaint to add a federal DTSA claim based on the trade secrets that this Court determined were plausibly alleged to survive Teknor's Rule 12(b)(6) motion to dismiss. (ECF No. 26.) Whatever the propriety of applying state law discovery rules for trade secrets claims in federal court on diversity jurisdiction may be, this case is no longer before the Court on diversity jurisdiction. The relevant issue becomes the propriety of and basis for applying state law discovery rules to trade secrets cases that involve federal DTSA claims.

Congress enacted the DTSA in 2016, Pub. L. No. 114-153, 130 Stat. 376, thereby creating a new federal civil cause of action for trade secret misappropriation. 18 U.S.C. § 1836(b)(1). This Court has also previously acknowledged the similarity between DTSA and state trade secrets law. *See Yeiser Res. & Dev., LLC v. Teknor Apex Co.*, No. 17-cv-1290-BAS-RBB, 2018 WL 3993370, at *4 (S.D. Cal. Aug. 21, 2018) ("Federal law and Delaware law define 'trade secret' in similar ways."). Indeed, "[t]he DTSA includes definitions, remedies, and a statute of limitations substantially similar to provisions in the Uniform Trade Secrets Act ("UTSA")[.]"

*Adams Arms, LLC v. Unified Weapon Systems, Inc.*, No. 8:16-cv-1503-T-33AEP, 2016 WL 5391394, at \*5 (M.D. Fla. Sept. 27, 2016). These similarities are not happenstance. "It is clear that Congress borrowed heavily from the [Uniform Trade Secrets Act] and the states' trade secrets law in drafting many (if not most) provisions of the DTSA. The enactment of the DTSA was not a response to an inherent inadequacy in the states' trade secrets laws. Rather, . . . Congress intended the DTSA to apply in substantially the same way as the states' trade secrets laws, but with a much broader geographic and jurisdictional reach." *Brand Energy & Infrastructure Servs, Inc. v. Irex Contracting Grp.*, No. 16-2499, 2017 WL 1105648, at \*7 (E.D. Pa. Mar. 24, 2017); *see also Great Am. Opportunities, Inc. v. Kent*, 352 F. Supp. 3d 1126, 1140 (D. Colo. 2018) ("A House Report accompanying the referral of the bill that became Defend Trade Secrets Act suggests an intent to model the DTSA after similar state statutes." (citing H.R. Rep. No. 114-529, at 2–5, 12–14 (2016)).

However, unlike state trade secrets laws that "vary in a number of ways and contain built-in limitations that make them not wholly effective in a national and global economy," DTSA aims to establish a "single, national standard for trade secret misappropriation with clear rules and predictability for everyone involved." *Adams Arms, LLC*, 2016 WL 5391394, at \*5 (quoting H.R. Rep. No. 114-529, at 4 (2016)). In furtherance of its aim to establish a uniform federal scheme for trade secret civil litigation, DTSA is notable for what it does not require. DTSA does not contain any heightened pleading requirements for civil litigants. *See* 18 U.S.C. § 1831 *et seq*. Congress knows how to require heightened pleading requirements for statutory causes of action, but apparently decided against imposing such requirements in federal trade secrets litigation. *See* 15 U.S.C. § 78u-4(b)(1)–(2) (setting forth Private Securities Litigation Reform Act's requirements that a securities litigation plaintiff "specify each statement alleged to have been

misleading" and "state with particularity facts giving rise to a strong inference that that defendant acted with the required state of mind"). Nor do DTSA's express provisions regarding civil proceedings incorporate any discovery procedure analogous to certain state law statutory requirements in trade secrets cases that require a plaintiff to first disclose trade secrets before being able to receive discovery from the defendant. *See* 18 U.S.C. § 1836(b). As YRD contends (ECF No. 58 at 12–13), the absence of heightened pleading standards and a discovery procedure in DTSA—despite Congress's awareness of state trade secrets laws—support the inference that a plaintiff whose DTSA claims proceed past the pleading stage is entitled to discovery in accordance with the general discovery rules set forth in Federal Rule of Civil Procedure 26.

Even so, this Court believes that a DTSA plaintiff may be required to go beyond its pleadings at the discovery stage consistent with Rule 26's discovery framework. Teknor moved for a protective order to permit it to withhold certain documents from its production until YRD provided additional information regarding YRD's alleged trade secrets. Rule 26(c)(1)(G) expressly authorizes federal courts to "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G). This provision—along with Rule 26 as a general matter—allows for case-specific considerations regarding the proper course of discovery.

In exercising its broad discretion over discovery under Rule 26, it may be that a federal court will look to state law trade secret discovery rules, such as the ones on which Teknor relies, to determine the proper course of discovery. *See Jardin v. DATAllegro, Inc.*, No. 10-cv-2552-IEG (WVG), 2011 WL 3299395, at *3–5 (S.D.

Cal. July 29, 2011) (finding that magistrate judge did not abuse discretion by considering state law trade secrets discovery rules or "by ordering discovery procedures based on his assessment of the parties' concerns and the facts in this case."). This reliance may be particularly appropriate in cases in which a plaintiff raises both federal DTSA claims and state law trade secrets claims, like YRD does in this case. At least one federal court in this circuit has understandably relied on state law trade secrets discovery procedures even in a case involving federal DTSA claims. *See Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-cv-00404-LHK(VKD), 2019 WL 176261 (N.D. Cal. Jan. 10, 2019) (granting motion to compel additional trade secrets identification from plaintiff under Cal. Code of Civ. Proc. § 2019.210 in case involving both DTSA and CUTSA claims).

Here, Judge Berg applied the Delaware common law "reasonable particularity" rule and found that YRD satisfied the rule. (ECF No. 53 at 13:6–14:21.) As a case management matter, this application was proper. On the merits, Teknor's objection to Judge Berg's application of the reasonable particularity rule fails.

Teknor in part re-hashes arguments that this Court rejected at the pleading stage. In an apparent desire to re-litigate the sufficiency of YRD's pleadings, Teknor contends that "YRD's pleadings have been persistently vague with respect to what information comprised the alleged trade secrets." (ECF No. 56-1 at 2.) The Court, however, carefully read the pleadings and distilled the essence of the trade secrets YRD claimed and expressly identified those trade secrets that were sufficiently stated and those that were not. *Yeiser Res. & Dev. LLC*, 281 F. Supp. 3d at 1043–48. Discovery is not the appropriate setting to re-litigate dismissal arguments the Court has previously rejected. Teknor's latest objections that YRD has failed to identify its trade secrets with the specificity Teknor contends is required may be

appropriately entertained at the dispositive motions stage. *See Idx Sys. Corp. v. Epic Sys. Corp.*, 285 F.3d 581, 583–84 (7th Cir. 2002) (affirming district court's grant of summary judgment when plaintiff "had failed to identify with specificity the trade secrets that it accuses the defendants of misappropriating").

Teknor otherwise contends that YRD failed "to further identify its trade secrets" in its discovery response, which Teknor contends Judge Berg failed to appreciate in his assessment of YRD's discovery response consistent with cases in which courts found that other plaintiffs' trade secret disclosures were inadequate. (ECF No. 56-1 at 3.) However, as Judge Berg observed, "[t]he trade secret in this case—and getting down to the very basics—is a garden hose." (ECF No. 53 at 13–14.) And, as Judge Berg determined, YRD provided a thorough response regarding its alleged trade secrets in direct response to Interrogatory No. 1, consistent with YRD's obligations at this stage of the proceedings. When Judge Berg found YRD's responses to be adequate—a finding wholly supported by the record—his finding rendered inapposite the cases on which Teknor relies and in which courts deemed a plaintiff's trade secrets disclosures to be inadequate. On review of Judge Berg's order, this Court is not left with the distinct impression that Judge Berg's finding is clearly erroneous. Teknor's free-standing reliance on the various policy rationales that underlie the reasonable particularity rule cannot render Judge Berg's determination "contrary to law."

## CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Teknor's discovery motion (ECF No. 56) and **AFFIRMS** the Discovery Order in full (ECF No. 50).

**IT IS SO ORDERED.**

DATED: **May 20, 2019**

Hon. Cynthia Bashant
United States District Judge